UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21406- CIV-JORDAN/MCALILEY

**TRILOGY PROPERTIES LLC, a Florida limited liability company; GAETANO SALERNO, an individual; and JOSEPH SALERNO, an individual; individually and on behalf of all others similarly situated,**

    Plaintiffs,

v.

**SB HOTEL ASSOCIATES LLC, a Delaware limited liability company; BAYROCK GROUP L.L.C., a New York limited liability company; ROY STILLMAN, an individual; DONALD J. TRUMP, an individual; TRUMP ORGANIZATION LLD, a New York limited liability company; TRUMP FLORIDA MANAGEMENT LLC, a Delaware limited liability company; CORUS BANK, NA., a foreign corporation, and CHICAGO TITLE INSURANCE COMPANY, a Nebraska corporation,**

    Defendants.
_____/

## MOTION TO SUBSTITUTE PARTY AND MOTION FOR STAY PURSUANT TO 12 USC § 1821 AND INCORPORATED MEMORANDUM OF LAW

Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Defendant Corus Bank, N.A., moves this Honorable Court to enter orders, pursuant to 12 U.S.C. § 1821 (c)(2)(A), (d)(2)(A), (d)(12)(A) and (d)(12)(B), allowing the substitution of FDIC, as Receiver of Defendant Corus Bank, N.A. in place of Defendant Corus Bank, N.A. and staying this proceeding for ninety (90) days and, in support states:

### I. This Court Should Enter an Order Substituting the FDIC as Receiver for Corus Bank, N.A. for Defendant Corus Bank, N.A.

Federal Deposit Insurance Corporation is a corporation organized and existing pursuant to an Act of Congress of the United States, known as the Federal Deposit Insurance Act, 12 U.S.C. § 1811, et seq., with its principal place of business located in Washington, D.C. On September 11, 2009, by determination of the Office of the Comptroller of the Currency ("OCC"), FDIC was appointed as Receiver for defendant Corus Bank, N.A. ("Corus Bank"). See OCC Receivership Determination and Appointment of Receiver, dated September 11, 2009, and the FDIC acceptance of appointment, dated September 11, 2009, both attached as Exhibit A to this motion. As a result of this appointment, the FDIC has succeeded to "all rights, titles, powers, and privileges" of Corus Bank and has taken charge of the assets and affairs of Corus Bank. 12 U.S.C. §§1821(d)(2)(A)(i) and 1821(d)(2)(B)(i). This includes the resolution of outstanding claims against the institution in receivership. 12 U.S.C. §1821(d)(3). As such, the FDIC as Receiver stands in the place and stead of defendant Corus Bank with respect to all matters and is the party against which the claims asserted by Plaintiffs must be asserted.

Because the FDIC as Receiver is the proper defendant with regard to Plaintiffs' claims, the FDIC as Receiver should be substituted for the defendant Corus Bank. Courts routinely enter orders substituting the FDIC as Receiver in cases such as this one. See, e.g., Yeomalakis v. FDIC, 562 F.3d 53, 58 (1st Cir. 2009) (appellate court granted motion of FDIC as Receiver to be substituted for failed institution and stayed case for 90 days); In re Community Bank of Northern Virginia, 418 F.3d 277, 293 n.6 (3rd Cir. 2005) ("FDIC succeeded to all 'rights, titles, powers, and privileges of . . . insured depository institution'" and was ordered substituted "as the true party in interest"); Amerifirst Properties, Inc. v. FDIC, 880 F.2d 821, 823 n.2 (5th Cir. 1989) (following appointment of FDIC as Receiver for insolvent bank, court granted motion to

substitute FDIC "as the real party in interest"); Buczkowski v. FDIC, 415 F.3d 594, 597 (7th Cir. 2005) ("Any litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party."); Phipps v. FDIC, 417 F.3d 1006, 1009 (8th Cir. 2005) (after briefing, FDIC was appointed Receiver and was granted leave to substitute itself for failed institution as appellee).

Thus, by virtue of the FDIC's acceptance of the appointment as Receiver for Corus Bank, the FDIC has succeeded to all rights, titles, powers, and privileges of Corus Bank and is the real party-in-interest to defend against the claims asserted by Plaintiffs in this action. Accordingly, this Court should enter its Order substituting the FDIC as Receiver as Defendant, in place of the current defendant, Corus Bank.

## II. This Court Should Enter an Order Staying All Proceedings in This Matter for Ninety (90) Days

The Federal Deposit Insurance Act, as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), provides that after the appointment of a receiver for an insured depository institution, the receiver may request a stay not to exceed 90 days "in any judicial action or proceeding to which such institution is or becomes a party." 12 U.S.C. §1821(d)(12)(A).

FIRREA further confirms that the granting of such a stay is mandatory: "Upon receipt of a request by any …receiver pursuant to [12 U.S.C. §1821(d)(12)(A)] for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the Court shall grant such stay as to all parties." U.S.C. §1821(d)(12)(B) (emphasis added). See, e.g., Yeomalakis v. FDIC, 562 F.3d 53, 58 (1st Cir. 2009) (appellate court granted motion of FDIC as Receiver to be substituted for failed institution and stayed case for 90 days); Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., 947 F.2d 49, 71 (3d Cir. 1991) ("If the receiver requests a stay within 90 days of its appointment, it is automatically entitled to such a stay under section

1821(d)(12) . . ."); Damiano v. FDIC, 104 F.3d 328, 334 (11th Cir. 1997) (Section 1821(d)(12) "specifically gives the receiver the right . . . to stay a pending action within the first ninety days of being appointed as a receiver").

### III. Conclusion

For all the foregoing reasons, FDIC, as Receiver, respectfully requests that this Honorable Court to enter orders substituting FDIC, as Receiver of Corus Bank, N.A., as a defendant in this case in place of Defendant Corus Bank, N.A. and staying the proceedings in this case as to all parties for 90 days effective on the date of the appointment of FDIC as Receiver pursuant to 12 U.S.C. §§ 1821 (d)(12)(A) and (B).

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**
*Attorneys for Federal Deposit Insurance Corporation, as Receiver Defendant, CORUS BANK, N.A.*
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131-5340
Tel: 305-350-2359
Fax: 305-351-2261

By: /s/ David W. Trench
    David W. Trench
    Florida Bar No. 202975
    dtrench@bilzin.com
    Enza G. Boderone,
    Florida Bar No. 792411
    eboderone@bilzin.com

Case No. 09-Civ-21406

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served electronically via the CM/ECF system or via U.S. Mail this 16th day of September, 2009 upon:

Elizabeth Lee Beck
Email: elizabeth@beckandlee.com
Jared H. Beck
Email: jared@beckandlee.com
Beck & Lee Business Trial Lawyers
28 W. Flagler Street, Suite 555
Miami, FL 33130
305-789-0072
Fax: 786-664-3334

Stephen Bernard Gillman
305-347-7311
Fax: 381-9982
Email: sgillman@shutts.com
Christopher Warren Prusaski
305-415-9453
Fax: 305-415-9853
Email: cprusaski@shutts.com
Shutts & Bowen
201 S Biscayne Boulevard
Suite 1500 Miami Center
Miami, FL 33131

Lynette Ebeoglu McGuinness
Murai Wald Biondo Moreno & Brochin
1200 Ponce de Leon Blvd.
Coral Gables, FL 33134
305-444-0101
Fax: 305-444-0174
Email: lmcguinness@mwbm.com

Michael Keith Winston
Carlton Fields, P.A.
Post Office Box 150
West Palm Beach, FL 33402-0150
561-659-7070
Fax: 659-7368
Email: mwinston@carltonfields.com

/s/ David W. Trench