UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 09-21406-CIV-JORDAN

| | |
|---|---|
| TRILOGY PROPERTIES, et al., | ) |
| Plaintiffs | ) |
| vs. | ) |
| SB HOTEL ASSOCIATES, LLC, et al., | ) |
| Defendants | ) |

### ORDER DENYING MOTIONS TO DISMISS

Trump Organization, LLC's and Donald Trump's motion to dismiss [D.E. 152] is DENIED. SB Hotel Associates LLC's partial motion to dismiss and to strike [D.E. 146] and Roy Stillman's and Bayrock Group LLC's motion to dismiss or, alternatively, strike the plaintiffs' request for punitive damages [D.E. 147] are GRANTED IN PART AND DENIED IN PART. The parties' motions for extensions of time [D.E. 158 & 160] are DENIED AS MOOT. Mr. Trump, Trump Organization, SB Hotel, the Bayrock Group, and Mr. Stillman shall answer the second amended complaint by May 27, 2011.

Most of the ground covered here I was discussed in a December 22, 2010 order addressing a previous round of motions to dismiss. As I noted in the order concerning the first motion to dismiss, because the purchase agreement contradicts the alleged misrepresentations, the plaintiffs cannot show reasonable reliance on any misrepresentation about the completion date for the building or that the building would bear Mr. Trump's name or be run by Mr. Trump or Trump Organization. That order also tackled many of the arguments raised by Mr. Trump and Trump Organization.

In their attempts to dismiss the second amended complaint, the moving defendants, however, raise two new arguments. First, they believe that the purchase agreement contradicts the alleged misrepresentations made by Mr. Trump, Mr. Stillman, the Bayrock Group, and Trump Organization that they were developers of the building. Second, they say that the plaintiffs failed to adequately plead facts showing that they made such misrepresentations or that they acted in a joint venture, through SB Hotel. I find neither argument convincing.

Contrary to the defendants' argument, the plaintiffs' allegation that these defendants misrepresented their role in the development as "developers" is not contradicted by the purchase agreement's definition of "developer." The purchase agreement merely states that, in the purchase agreement, "Seller" and "Developer" refer to SB Hotel. It does not state that SB Hotel is the sole developer or that the other defendants are not developers. As a result, this argument fails.

In their second argument, Mr. Trump, Trump Organization, SB Hotel, the Bayrock Group, and Mr. Stillman assert that the plaintiffs failed to allege sufficient facts showing that they acted in a joint venture or that they are developers. This argument fares no better.

To survive the moving defendants' attack, the complaint here "must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010). In deciding whether a complaint states a cause of action, "[p]lausability is the key." *Id.* Well-pleaded allegations "must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (internal quotation marks omitted).

Reading the second amended complaint with all reasonable inferences and allegations read in the their favor, I find that the plaintiffs have properly stated causes of action. The plaintiffs allege, among other things, that Mr. Trump, Trump Organization, Mr. Stillman, and the Bayrock Group created a joint venture to develop the building development and that, through SB Hotel,[1] they bought property and asked the City of Fort Lauderdale for approval of the development plans. These defendants then purposefully talked to the media, and the media, through articles, called these defendants developers, partners, a development team, and a venture. At times, through advertising brochures, these defendants call themselves developers.

---

[1] I note that Mr. Stillman and the Bayrock Group argue that a joint venture ends once the group running the joint venture turn it into a limited liability company—which is what SB Hotel is. Although the plaintiffs do seem to allege that Trump Organization, Mr. Trump, Mr. Stillman, and the Bayrock Group ran their "joint venture" through SB Hotel, Mr. Stillman and the Bayrock Group cite California cases for this proposition. It is unclear why California law would apply to SB Hotel—a Delaware limited liability company developing a luxury hotel in Florida. As a result, Mr. Stillman and the Bayrock Group have failed to show that the plaintiffs fail to state a cause of action under Florida law.

The second amended complaint, then, alleges that, through a media blitz and by using the press as a mouth piece, these defendants called themselves partners, a venture, and developers. The natural inference from these allegations is that they are developers and part of a joint venture. If, for instance, someone says that he is a police officer, the natural inference is that the person is indeed a police officer. Similarly, by purposefully going on a media blitz, the defendants called themselves "developers," and a plaintiff could have believed that alleged misrepresentation. At the motion-to-dismiss stage, these factual allegations suffice, raising an inference that Mr. Trump, Trump Organization, Mr. Stillman, and the Bayrock Group were developers and participated in a joint venture.

Trump Organization and Mr. Trump may be factually correct that Mr. Trump, Trump Organization, Mr. Stillman, and the Bayrock Group did not prod the media to make the statements quoted in the second amended complaint, but those are not the facts that the plaintiffs allege. And they may be right that they never created a joint venture, but the factual allegations, suggesting that these defendants purposefully told media outlets that they were in a venture, makes the allegations plausible.[2]

For these reasons, the plaintiffs have properly pleaded their causes of action.

Although the plaintiffs have stated causes of action, they have gone too far in seeking punitive damages in claims where such damages are not allowed. In Florida, a plaintiff cannot seek punitive damages for breach of contract, unless the breach states an independent tort claim. *See Stein v. Paradigm Mirasol, LLC*, 586 F.3d 849, 856 n.4 (11th Cir. 2009) (applying Florida law). The same holds for breach of the covenant of good faith and fair dealing. *See Ghodrati v. Miami Paneling Corp.*, 770 So. 2d 181, 182 (Fla. Dist. Ct. App. 2000); *Waters Place 26, LLC v. Compass Bank*, No. 09-cv-2418, 2010 WL 1730768, at *4 (M.D. Fla. Apr. 28, 2010). Of course, a plaintiff cannot seek punitive damages in a claim for rescission, since it, by definition, merely seeks to place the parties in the place they stood before they entered a contract. *See Walker v. Eris*, 866 So. 2d 414, 415 (Fla.

---

[2]Mr. Stillman and the Bayrock Group incorrectly suggest that the plaintiffs must allege facts for each element of their claims. This is not the current pleading standard. A plaintiff need not allege facts "to cover every element or allege with precision each element of a claim." *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010).

Dist. Ct. App. 2004). Moreover, nothing in the language of the Federal Interstate Land Sales Full Disclosure Act, Florida Deceptive and Unfair Trade Practices Act, Florida Securities and Investor Protection Act, or the Florida Condominium Act allows punitive damages. *See* 15 U.S.C. § 1709(a) (2006) (requiring courts to consider compensatory factors when awarding damages); FLA. STAT. § 517.211(4) (2010) (listing the damages that a party may recover, none of which are punitive); *id.* § 501.211 (allowing plaintiff to recover "actual damages"); *id.* § 718.506(1) (allowing plaintiff to receive damages for "his or her loss"); *Hadad v. Deltona Corp.*, 535 F. Supp. 1364, 1371 (D.N.J. 1982) ("To the extent plaintiffs seek relief under [ILSA] punitive damages will not be permitted."). Hence, the plaintiffs' request for punitive damages in Counts I–VI and IX are struck.

SB Hotel's attempts to strike the plaintiffs' requests for injunctive relief, however, is denied. While the purchase agreements do state that buyers "shall not be permitted to seek to specifically enforce the Agreement," it also states that this is so "absent an intentional and willful default of Seller" [D.E. 134-5 § 13]. If SB Hotel intentionally defaulted on the contract, then the plaintiffs have a right to specific performance.

For these reasons, the Trump Organization's and Mr. Trump's motion to dismiss [D.E. 152] is DENIED, and SB Hotel's partial motion to dismiss and to strike [D.E. 146] and Mr. Stillman's and the Bayrock Group's motion to dismiss or, alternatively, strike the plaintiffs' request for punitive damages [D.E. 147] are GRANTED IN PART AND DENIED IN PART.

DONE and ORDERED in chambers in Miami, Florida, this 16th day of May, 2011.

                                                          Adalberto Jordan
                                                          United States District Judge

Copy to:       All counsel of record