UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21406-CIV-WILLIAMS/TURNOFF

TRILOGY PROPERTIES LLC, *et al.*,   )
                                                          )
    Plaintiffs,   )
                                                          )
vs.   )
                                                          )
SB HOTEL ASSOCIATES LLC, *et al.*,   )
                                                          )
    Defendants.   )
                                                          )

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICES OF SUPPLEMENTAL
AUTHORITY**

Plaintiffs, TRILOGY PROPERTIES LLC, GAETANO SALERNO, JOSEPH SALERNO, RICHARD ATKINSON, MICHELLE GERLICK, ROBERT PICCOLI, VICTOR SENOFONTE, MARYANNE GREELEY and GRANT GREELEY (collectively, "Plaintiffs"), by and through undersigned counsel, hereby file their Response to Defendants' Notices of Supplemental Authority [D.E. 336 and 341]:

The supplemental authority noticed by the Trump Defendants on October 1, 2012 [D.E. 336], *B&G Aventura, LLC v. G-Site Limited Partnership*, 2012 WL 3964816 (Fla. 3d DCA 2012) ("*B&G*") is irrelevant for several reasons.

First, while *B&G* is a straightforward application of the parol evidence rule holding that the written terms of a contract control over prior **oral** representations, the rule has no relevance to the case at bar. The misrepresentations regarding Donald Trump's development role were stated in written advertising materials.

1

Second, the Purchase Agreement in this case expressly incorporated the written advertising materials, *see* Purchase Agreement [D.E. 134-5] ¶ 44; *see also id.* at p. 1 ("FOR CORRECT REPRESENTATIONS, REFERENCE SHOULD BE MADE TO THIS CONTRACT A**ND THE DOCUMENTS REQUIRED BY SECTION 718.503**, FLORIDA STATUTES, TO BE FURNISHED BY A DEVELOPER OR LESSEE." (emphasis added)); § 718.503(3)(b), Fla. Stat. (2011) (requiring "[s]ales brochures" to be provided to "each purchaser").

Third, and contrary to the incorrect assertion in the Trump Defendants' notice, the Purchase Agreement, Declaration, Prospectus, and Property Report did not represent that "Trump's role in Project was . . . to operate the hotel **and not develop the Project**." (emphasis added). The authorized written advertising touting Trump as the Project's creator and main driving force was fully consistent with the disclosure documents, including the definition of "SB Hotel Associates LLC" as the "Developer". Neither the disclosure documents, nor any of the other materials provided to Plaintiffs, disclosed that Trump had no financial stake in SB Hotel Associates LLC or the Project.

The state trial court order from *Deer Valley Realty Inc. v. SB Hotel Associates, LLC et al.*, Case No. 12-10560-CACE-07 (17th Jud. Cir.) ("*Deer Valley*") filed by Defendants on October 30, 2012 [D.E. 341-1] is also inapposite for several reasons.

First, the order contains no reasoning or analysis and as a state-court trial order is inherently non-binding.

Second, the *Deer Valley* order, which instructed Plaintiff to amend as to five of the seven counts considered and dismissed two other counts with prejudice, broke from previous rulings on substantially similar claims brought by other unit purchasers against the same Defendants in the same Court. In *Abercrombie v. SB Hotel Associates LLC et al.*, Case No. 08-60702 (17th Jud.

2

Cir.) ("*Abercrombie*"), a consolidated action maintained on behalf of multiple Trump Condo Hotel unit buyer plaintiffs, The Honorable Eileen M. O'Connor denied the Defendants' motions to dismiss as to materially similar claims, including a claim under section 718.506(1) (*i.e.*, Count IV of the Amended Complaint filed in that action). *See* Orders on Defendants' Motions to Dismiss Amended Complaint entered in *Abercrombie* (**Composite Exhibit A** hereto); Amended Complaint filed in *Abercrombie* (**Exhibit B** hereto); Plaintiffs' Post-Hearing Memorandum in Opposition to Defendants' Motion to Dismiss the Amended filed in *Abercrombie* (summarizing the defendants' arguments for dismissal) (**Exhibit C** hereto).

Third, the *Deer Valley* action, where the lone plaintiff is also a purchaser of a unit in the Trump Condo Hotel, was filed on April 9, 2012, or nearly three years after this action was filed. In *Deer Valley*, Defendants strenuously argued that the claims (including the two claims, section 718.506 and FSIPA, dismissed with prejudice) were barred by applicable statute of limitations under §§ 95.11(3)(f), 95.11(4)(e), defenses which lack bearing on this case given the difference in passage of time.

Fourth, while not reflected in the written order, at the *Deer Valley* hearing, the court construed certain legal issues at the heart of Defendants' defenses in Plaintiff's favor. Specifically, Judge Streitfeld stated that ILSA is a "broad" statute, "intended to address people acting on behalf of a developer who participate in the kind of conduct that [Plaintiff[ alleges[.]" Hrg. Tr. at 27:11, 29:1-4 (**Exhibit D** hereto). Additionally, the court observed, in contrast to the Defendants' arguments, that the disclosure documents did **not** express that Donald Trump was not a developer of the Trump Condo Hotel or had "no skin in the game" with respect to the Project. *Id.* at 44.

*~signature page follows~*

DATED: November 16, 2012

RESPECTFULLY SUBMITTED,

s/Jared H. Beck
By: Jared H. Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
66 W. Flagler Street, Suite 1000
Miami, Florida 33130
Telephone:     (305) 789-0072
Facsimile:     (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2012, I electronically filed the foregoing

> *PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICES OF SUPPLEMENTAL AUTHORITY*

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document(s) are being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                         *s/Jared H. Beck*
                                           Jared H. Beck

SERVICE LIST
*Trilogy Properties LLC et al. v. SB Hotel Associates LLC et al.*
Case No. 09-21406-CIV-WILLIAMS/TURNOFF
United States District Court, Southern District of Florida

| | |
|---|---|
| HERMAN J. RUSSOMANNO, ESQ.<br>Russomanno & Borrello, P.A.<br>Museum Tower – Penthouse 2800<br>150 West Flagler Street<br>Miami, FL 33130<br>Telephone:   305-373-2101<br>Facsimile:    305-373-2103<br>hrussomanno@russomanno.com<br><br>**Attorneys for Defendants Trump Organization, LLC and Donald J. Trump** | STEPHEN B. GILLMAN, ESQ.<br>CHRISTOPHER W. PRUSASKI, ESQ.<br>Shutts & Bowen LLP<br>201 S. Biscayne Blvd., Ste. 1500<br>Miami, FL 33131<br>Telephone:   305-358-6300<br>Facsimile:    305-381-9982<br>sgillman@shutts.com; cprusaski@shutts.com<br><br>**Attorneys for Defendants SB Hotel Associates LLC; Roy Stillman and Bayrock Group L.L.C.** |
| STUART I. GROSSMAN, ESQ.<br>STEPHANIE REED TRABAND, ESQ.<br>Levine Kellogg Lehman Schneider + Grossman LLP<br>Miami Center, 22nd Fl.<br>201 S. Biscayne Blvd.<br>Miami, FL 33131<br>Telephone:   305-403-8788<br>Facsimile:    305-403-8789<br>srt@lkllaw.com<br><br>**Attorneys for Corus Construction Venture, LLC** | DAVID W. TRENCH, ESQ.<br>Bilzin Sumberg Baena Price & Axelrod LLP<br>200 S. Biscayne Blvd., Ste. 2500<br>Miami, FL 33131-5430<br>Telephone:   305-374-7580<br>Facsimile:    305-374-7593<br>dtrench@bilzin.com<br><br>**Attorneys for Corus Construction Venture, LLC** |