UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-21406-CIV-WILLIAMS

TRILOGY PROPERTIES, LLC, et al.,

       Plaintiffs,

vs.

SB HOTEL ASSOCIATES, LLC, et al.,

       Defendants.

_____/

**DEFENDANTS' JOINT REPLY TO PLAINTIFFS' RESPOSNE TO
DEFENDANTS' NOTICES OF SUPPLEMENTAL AUTHORITY**

Defendants, SB Hotel Associates LLC, Roy Stillman, Bayrock Group LLC, Donald J. Trump and Trump Organization LLC, hereby reply to Plaintiffs' response [DE 344] to Defendants' notices of supplemental authority [DE 336 & 341], as follows:

*First*, in regard to the September 12, 2012 opinion of *B&G Aventura, LLC v. G-Site Limited Partnership,* 97 So. 3d 308, 2012 WL 3964816 (Fla. 3d DCA) (affirming order granting the developer defendant's motion for summary judgment in a condominium deposit refund case), that case relies upon settled Florida law that where a contested element of the terms to purchase a condominium unit ". . . is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element."  Here, Plaintiffs claim that, in addition to SB Hotel Associates LLC, Defendants Roy Stillman, Bayrock Group LLC, Donald J. Trump and Trump Organization LLC were also the developers of the project. But, contrary to that contention the identity of the "Developer" is expressly mentioned, covered and dealt with in the Condominium Documents which were expressly incorporated into the Purchase Agreements. Those documents specifically identified the "Developer" of this project to be "SB Hotel

Associates LLC" and Trump's role in the project was clearly disclosed to granting a limited license agreement for use of the Trump name and to operate the hotel. In fact, paragraph 14 of the Prospectus, titled "Identity of Developer" states that:

> "**SB Hotel Associates, LLC**, a Delaware limited liability company, is the Developer of the Condominium" (emphasis in original).

Prospective purchasers were unambiguously told that SB Hotel Associates, LLC is **"the"** developer - - not "a" developer. Likewise, unambiguous warnings as to the Developer's limitations, referencing only SB Hotel, and Trump's limited role were made in the Property Report (DE 21b-3, pp. 8 & 21).Accordingly, these specific terms - - the identity of the "Developer" and Trump's role - - were mentioned, covered and dealt with in the documents Plaintiffs certified that they each read and were bound by prior to entering into their purchase agreements: (1) Plaintiffs' Purchase Agreement, (2) the Declaration, (3) the Prospectus and (4) the Property Report. Because they were covered, Plaintiffs' claims fail as a matter of law – on this case alone.

Further, Plaintiffs quote a general provision from the Purchase Agreement (DE 134-5, ¶ 44), but ignore the specific provision in paragraph 39 as to promotional materials:

> This Agreement contains the entire understanding between Buyer and Seller, and Buyer hereby acknowledges that the displays, architectural models, artist renderings and other promotional materials contained in the sales office and model suite are for promotional purposes only and may not be relied upon.

*Second*, in regard to the Order dismissing Plaintiffs § 718.506 Florida Condominium Act claim and FSIPA claim *with prejudice* against Defendants Roy Stillman, Bayrock Group LLC, Donald J. Trump and Trump Organization LLC in the *Deer Valley v. SB Hotel, et al.* case, Plaintiffs' argument that these counts were dismissed on a statute of limitation argument is completely wrong. The hearing transcript in *Deer Valley* clearly establishes the

2

CourtdismissedPlaintiffs § 718.506 Florida Condominium Act claim against all defendants with prejudice - - other than SB Hotel - - which was dismissed without prejudice - - because the other Defendants do <u>not</u> fall within the definition of a "developer" under the Act. Pages 16-21 of the transcript, attached hereto as composite **Exhibit 1**, Judge Streitfeld - - a member of the Circuit Court's Complex Litigation Unit - - rules that "the only proper defendant on the 718.506 count that I see is the developer entity, SB Hotels." If, as Plaintiffs assert, the Court had dismissed on statute of limitations grounds, then the claim against SB Hotel would also have been dismissed with prejudice – and it was not.

*Third*, Plaintiffs' attempt to rely on orders in the *Taglieri, Abercrombie* and *Fine* cases is misplaced. None of the orders contains the reasoning for the rulings, nor are transcripts provided. Regardless, all three of those cases are now pending before Judge Streitfeld and any interlocutory ruling (made without any included analysis) will be subject to Judge Streitfeld's review. Additionally, the Plaintiffs in each of those cases have been granted leave to amend, and when Plaintiffs amend their complaint in those cases, Judge Streitfeld will likely maintain the same holdings as in *Deer Valley*to dismiss with prejudice any § 718.506 Florida Condominium Act claim asserted against any party other than SB Hotel.

*Fourth*, Plaintiffs' reliance upon Judge Streitfeld's comments in regard to the ILSA claim raised in the *Deer Valley* case, (not his ruling which dismissed the ILSA claims) is misplaced because the basis pled for the ILSA claims against all defendants except SB Hotel are substantially different in *Deer Valley* and*Trilogy*. The ILSA claims in *Trilogy* against Donald J. Trump Organization LLC, Bayrock Group, LLC and Roy Stillman are based upon Plaintiffs' incorrect assertion that each is a "joint venturer" and, as joint venturers, they should be liable for the acts of the developer (DE 134-1). As specifically pled by Plaintiffs in the *Trilogy*

3

complaint,ILSA liability against these defendants first requires the Court to find a joint venture between all the Defendants [*see* ¶ 89 Count IV (ILSA) of the Plaintiffs' Second Amended Complaint DE 134-1]. The same claim is not made in Plaintiff's ILSA claim in *Deer Valley*.

When properly applied, the supplemental authority further supports Defendants' motions for summary judgment and refutes Plaintiffs' motion for summary judgment.

|  |  |
|---|---|
| Dated:  December 4, 2012 | Respectfully submitted, |
| /s/ Stephen B. Gillman<br>Stephen B. Gillman (FBN 196734)<br>*Email:  sgillman@shutts.com*<br>Christopher W. Prusaski (FBN 121525)<br>*Email: cprusaski@shutts.com*<br>SHUTTS & BOWEN LLP<br>201 South Biscayne Blvd., Suite 1500<br>Miami, Florida  33131<br>Telephone:  (305) 358-6300<br>Facsimile:  (305) 381-9982<br><br>*Counsel for SB Hotel Associates LLC, Bayrock Group L.L.C. and Roy Stillman* | /s/ Herman J. Russomanno III<br>Herman J. Russomanno (FBN 240346)<br>*Email: hrussomanno@russomanno.com*<br>Herman J. Russomanno III (FBN 21249)<br>*Email: herman2@russomanno.com*<br>RUSSOMANNO & BORRELLO, P.A.<br>Museum Tower – Penthouse 2800<br>150 West Flagler Street<br>Miami, Florida  33130<br>Telephone:  (305) 373-2101<br>Facsimile:  (305) 373-2103<br><br>*Counsel for Donald J. Trump and Trump Organization LLC* |

**CERTIFICATE OF SERVICE**

I HEREBY certify that on December 4, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.

/s/ Herman J. Russomanno III